### MACCI, Plaintiff, v. ALDRED, Defendant.

Common Pleas Court, Mercer County.

No. 13618. Decided April 11, 1944.

Goubeaux & Goubeaux, Greenville, for plaintiff.

Carl S. Pfeffer, Findlay, and Lee R. Dabbelt, Celina, for defendant.

## OPINION

By YOUNGER, J.

This case presents the unusual situation of a defendant in an automobile collision case filing an amended answer on the morning of the trial which admitted that the collision was the result of his own negligence, that it caused personal injuries to the plaintiff and then asked the jury to assess damages against him commensurate with the injuries sustained together with the costs. Under such pleadings may plaintiff be prohibited from presenting any evidence concerning defendant's negligence? The collision out of which the action arose was between the automobile driven by plaintiff's husband and one driven by the defendant on January 20, 1943 some six or seven miles south of Celina on U. S. Route 127.

There were six specifications of negligence alleged against the defendant in the petition which included driving on the wrong side of the road between fifty and fifty-five miles per hour while under the influence of intoxocating liquor. The answer filed within rule was a general denial.

Late in the afternoon of the day before the trial, counsel for the defendant advised the Court of their intention of asking leave to file an amended answer before the impaneling of a jury, which amended answer admitted that the car in which plaintiff was riding "was struck by this defendant's automobile while being operated in a negligent manner, causing some injuries to the plaintiff herein, but the extent of such injury is unknown to this defendant. Wherefore defendant prays that damages be assessed against him commensurate with the injuries sustained, together with the costs herein". On the morning of the trial and before the impaneling of the jury in according with this notice, counsel for defendant formally asked leave of Court to withdraw the answer and file the amended answer, and arguments were heard for and against this motion. During these arguments it was charged and admitted that the defendant was intoxicated at the time of the accident and as a result plead guilty before a Justice of the Peace to operating under the influence. The Court granted defendant's motion and at an informal pretrial conference, in which all counsel participated, the Court and

counsel discussed what evidence would be permitted to go to the jury under these pleadings.

After the impaneling of the jury and during the opening statement of counsel for plaintiff, he asked leave of Court to read to the jury plaintiff's petition in full as filed. Counsel for defendant objected and moved that all matters covered by the admission made in the amended answer be stricken from the petition and not permitted to go to the jury. The Court granted defendant's motion and in the presence of counsel and both parties, the jury having been excused, ruled upon the question and denied plaintiff's counsel permission to read to the jury any allegations in the petition concerning the negligence of the defendant or the collision and ruled that as a result of the judicial admission made by the defendant no evidence as to the negligence of the defendant, his condition, the condition or position of the cars upon the highway, the condition of the highway itself nor any other operative fact regarding the collison or defendant's negligence would be permitted to go to the jury and that the evidence would be limited strictly to the nature, extent and permanency of the injuries which plaintiff sustained.

This ruling was made upon the theory that the only evidence admissible in a trial is that which bears upon an issue involved in the case. Since the defendant judicially admitted his own negligence and that plaintiff was injured as a direct and proximate result of his negligence, the question of defendant's negligence thereupon ceased to be an issue and was removed from the case.

During the remainder of the trial the Court adhered to this ruling and the jury was charged as follows:

"The defendant in this case by his amended answer admits the negligent operation of his automobile and admits that he is liable to the plaintiff for such injuries as plaintiff received as a result of said collision. Therefore there is removed from your consideration any and all operative facts regarding the collision, such as the speed, the position of the cars upon the highway, the condition of the highway, the automobiles and the parties, and the sole and only remaining question for your consideration and determination is the nature, extent and permanency of said injuries and the amount of money plaintiff should receive as a result thereof."

The theory of judicial admissions is discussed in Wigmore on Evidence, 3rd edition, Vol. 9, page 586 et seq., and the ques-

tion of prohibiting evidence by the party benefiting by a judicial admission is discussed in paragraph 2591 at page 589 as follows:

"Sec. 2591. Same (2) Prohibitive of Evidence by the Party benefiting. A fact that is judicially admitted needs no evidence from the party benefiting by the admission.

But his evidence, if he chooses to offer it, may even be excluded; first, because it is now as immaterial to the issues as though the pleadings had marked it out of the controversy (ante, Sec. 2); next, because it may be superfluous and merely cumber the trial (ante, Secs. 1863, 1904); and furthermore, because the added dramatic force which might sometimes be gained from the examination of a witness to the fact (a force, indeed, which the admission is often designed especially to obviate) is not a thing which the party can be said to be always entitled to.

Nevertheless, a colorless admission by the opponent may sometimes have the effect of depriving the party of the legitimate moral force of his eveidence; furthermore, a judicial admission may be cleverly made with grudging limitations or evasions or insinuations (especially in criminal cases), so as to be technically but not practically a waiver of proof. Hence, there should be no absolute rule on the subject; and the trial Court's discretion should determine whether a particular admission is so plenary as to render the first party's evidence wholly needless under the circumstances."

The petition of plaintiff. asked damages in the sum of $1500.00 and the jury returned a verdict for $1000.00 and the matter is now before the Court on the defendant's motion for a new trial. The defendant relies upon misconduct of the plaintiff and misconduct of her counsel.

The alleged misconduct of the plaintiff occurred during her direct examination on the witness stand and is shown by the following excerpt from the record:

"Q. You were driving on the route, on route 127 about six or seven miles south of Celina?
A. Yes.
Q. What happened there at that point?
A. Well some drunken man come—
Mr. Dabbelt: Object, your Honor.

By the Court: Sustained.
Q. You may proceed Mrs. Macci?
A. Some drunken man—
Mr. Dabbelt: Object.
By the Court: Sustained.
Mr. Dabbelt: Please caution the jury to disregard the statement.
Mr. Goubeaux: Not permitted to say that, proceed.
A. Some car he drove so fast my husband could not move—
Mr. Dabbelt: Object.
By the Court: Sustained.
Q. You are not to tell how fast he drove, or his condition, just tell what happened to you at that time?
A. Well I was in the car, couldn't get my breath, could not get my breath.
Q. The other car hit you?
A. Yes.
Q. Was that driven by this gentleman here?
A. Yes, that is the drunken man.
Mr. Dabbelt: Object.
By the Court: Sustained. The jury will disregard this statement of the witness and banish it from your minds; it has no bearing whatever on this case."

The defendant claims the misconduct of counsel consists in not properly cautioning plaintiff after the conference and ruling of the Court as to the evidence which would be permitted to go to the jury; in asking general questions which would permit plaintiff to inject inadmissible statements as well as counsel's attempt to bring to the jury's attention and to connect to the jury in his closing argument, the inadmissible statements of the plaintiff on the witness stand which had been ruled out by the Court and the jury instructed to disregard. Counsel's exact words do not appear in the record but according to the Court's recollection were substantially as follows:

"The defendant filed an answer this morning and admits that he is negligent and comes into Court and says that he is liable and asks the jury to say how much he owes. As a result we are not permitted to show how the accident happened, the damages sustained or the condition of the driver which we were ready to prove. We would like to have showed you this."

The Court realizes the position counsel for the plaintiff was in; for by the elimination of the gross negligence and the intoxication of the defendant from the case, he had lost the dramatic effect of presenting and arguing this matter to the jury and naturally he was zealous in presenting the best possible case for his client. However, the presentation of evidence of the nature, extent and permanency of personal in- injuries need not necessarily be prosaic and the defendant's judicial admission laid him wide open to a dramatic argu- ment—if such were needed—that all such injuries as plaintiff did receive were the direct and proximate result of defendant's negligence by his own admission.

The alleged misconduct of plaintiff, however, is entirely different. It needs no argument to make it patent. Plaintiff was present in the court room when the Court ruled on the motion of the defendant to strike all allegations of negligence etc. from the petition. She heard the Court's ruling that no testimony of the defendant's negligence nor his condition nor any other operative fact could go to the jury but that the evi- dence would be limited strictly to the injuries sustained. After she took the witness stand she was first asked what happened at the point of the collision. She started to answer by saying that some drunken man * * * She was then stopped by an objection which was sustained. She was then asked by her counsel to proceed and she started out exactly as before. The objection to this was then sustained and the Court was re- quested to caution the jury. Her own counsel then advised her that she was not permitted to say that. However, in the third question after this the defendant was pointed out and plaintiff was asked if the other car was driven by him and her answer was "Yes, that is the drunken man". It is true the Court directed the jury to disregard this statement and banish it from their minds as having no bearing upon the case. Ac- tually, however, the damage had been done and in the Court's opinion, plaintiff by her persistence before the jury succeeded in her intent to circumvent the ruling of the Court and to advise the jury of the defendant's condition. This is certainly misconduct for which defendant is entitled to a new trial.

In such a case as this, punitive or exemplary damages are not permitted, and plaintiff is limited entirely to compensa- tory damages. This is all that plaintiff may recover regard- less of the defendant's negligence, the degrees of which are not recognized in Ohio in such cases.

Plaintiff's personal injuries were neither severe nor serious, although she did claim she received a shock to her nervous system, resulting in forgetfulness and that a broken rib had not knitted properly. In the Court's opinion the result of prejudice which would naturally arise in the minds of a jury against a drunken driver in an automobile negligence case is apparent in the verdict. In the Court's opinion a negligent defendant who comes into Court and admits his negligence and further admits that his negligence caused the injuries, has a legal right to have the remaining issue of the nature, extent and permanency of the injuries decided by the jury clear and free from any extraneous matters or issues. Whether the admitted negligence be gross or slight is immaterial. Conversely, in the Court's opinion, a plaintiff, injured by a defendant who admits his negligence, is only entitled to a finding from a jury as to the nature, extent and permanency of her injuries and the amount of money she should recover therefor, regardless of other extraneous matters or issues and whether the admitted negligence be gross or slight is immaterial.

For the misconduct of plaintiff in her persistence before the jury in calling the defendant a drunken man and thereby injecting into the case an extraneous and inadmissible matter, a new trial is awarded to the defendant.