**GAULT, Plaintiff-Appellant, v. HALL, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3531.   Decided October 7, 1952.

Leo Waldman, Youngstown, for plaintiff-appellant.

A. L. Burgstaller, Wilson & Wyatt, Youngstown. for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appealed on questions of law from a judgment of the court of common pleas entered upon a jury verdict returned for defendant on plaintiff's petition and for the plaintiff on defendant's cross-petition filed in plaintiff's action against defendant to recover damages for personal injuries sustained about 8:30 o'clock on the rainy morning of October 12, 1950, allegedly as the result of the carelessness and negligence of the defendant in the operation of a motor vehicle.

Oakwood Avenue is an admitted improved, much travelled, duly dedicated and accepted main thoroughfare of the city of Youngstown, which extends in a general easterly direction within the corporate limits thereof, and is intersected at right angles by Rhoda Avenue, another improved, much travelled, duly dedicated and accepted highway thereof, on which a stop sign is situated about 45 or 50 feet north of the north curb of Oakwood Avenue.

Plaintiff testified that on the day and at the hour stated she was operating an automobile at "15 or 25 miles" an hour, in a westerly direction on Oakwood Avenue, at the place it intersects Rhoda Avenue, within the corporate limits of the City of Youngstown.

(Further plaintiff testified that on the day and at the hour stated she was operating an automobile at 20 to 25 miles an hour in a westerly direction on Oakwood Avenue;) that when she was about one or one and one-half car lengths from the intersection of Oakwood Avenue with Rhoda Avenue she looked to her right, or north, along Rhoda Avenue and observed no traffic approaching from the west on Rhoda Avenue within a distance of 50 feet; that as she arrived within a car length of the intersection she observed defendant's automobile travelling in a southerly direction on Rhoda Avenue near such stop sign at which defendant did not stop; that she realized that an accident was imminent, and not having time nor space in which to stop her car it swerved to the left, or south, of Oakwood Avenue at which time the cars of the respective parties collided each with the other a short distance south of the center line of Oakwood Avenue and north of the center line of Rhoda Avenue.

There is evidence that as the result of such collision plaintiff lost control of the automobile she was operating causing it to strike a telephone pole situated on the southwest corner of the intersection of such streets, and together with defendant's automobile to come to rest in the front yard of a property situated on that corner of those streets.

Likewise there is evidence that defendant stopped in obedience to the stop sign, to which reference has been made, saw plaintiff proceeding westerly on the right side of Oakwood Avenue, at which time plaintiff's automobile was about 116 feet from the intersection of Oakwood Avenue, and proceeded into the intersection in low gear at about five miles an hour.

By two of her assigned grounds of error plaintiff contends that the trial judge erred to her prejudice in refusing to admit into evidence a drawing of a scene of the accident because it was not drawn to scale; and that the verdict of the jury and judgment entered thereon are against the manifest weight of the evidence and contrary to law for the reason that defendant's version "is completely incompatible with her claim that she stopped."

The trial judge did not err prejudicially to defendant in refusing to admit such drawing in evidence for the reason that it was not claimed to be an accurate portrayal of the scene of the collision, nor that it was agreed that it was substantially correct.

In cross-examining plaintiff's husband, divorced subsequent to the time of the collision to which reference has been made, who testified in chief for plaintiff, counsel for defendant interrogated such witness as follows:—

"When did you file your divorce petition against Mrs. Gault?

"How many times did your wife go away and leave you before the final time when you filed your petition?

"Isn't it a fact that she walked out on you twice?"

The trial judge sustained plaintiff's objection to those questions and explained to counsel the proper line of questioning to be pursued.

Continuing such cross-examination counsel for defendant asked:—

"When did she come back to live with you?

"You filed a divorce petition against your wife—on June first 1951? And didn't you claim that your wife was - - - guilty of extreme cruelty and gross neglect of duty?"

The trial judge sustained plaintiff's objection to those questions and admonished the jury that such questions had nothing to do with the action being tried and to banish such questions from their minds.

Continuing his examination of such witness counsel for defendant asked:—

"And didn't you say in the petition—that as a ground for your divorce you said that she had gone away on two occasions before June of 1951 as a basis for your divorce?

"What was the extreme cruelty your wife was guilty of with you?"

Objections to all of such questions were sustained by the trial judge.

Counsel for plaintiff then tendered as an exhibit the petition for divorce filed in court by witness Gault, and the journal entry granting a divorce to him, which the trial judge refused to admit.

By assignment of error and brief plaintiff contends that such questions were improper, irrelevant, immaterial and highly prejudicial to her; and that the action of the defendant's counsel constituted misconduct of defendant's counsel which inflamed the jury and prevented her from having a fair and impartial trial; that even though plaintiff's objections to such questions were sustained and the jury cautioned and admonished by the trial judge concerning them that the rulings, admonitions and caution of the trial judge "could not. and did not, eradicate what the jury had heard" and did not "cure the error," the "damage had been done," and counsel for defendant was guilty of "misconduct for which" plaintiff is entitled to a new trial; that "when a disparaging course of cross-examination, unjust to the accused and uncalled for by the circumstances of the case, is indulged in, prejudicial error will be presumed"; and cites the cases of **Macci v. Aldred, 40 Abs 287; Miller v. Hesseldon, 115 Oh St 266;** and **Smith v. State of Ohio, 125 Oh St 137.** The quoted remarks are taken from the above citations.

By brief counsel for defendant contended that in the voir dire examination of the jury counsel for plaintiff asked the jury:—

"If it should develop during the course of the trial that evidence would be introduced that since the occurrence of this accident, Mr. and Mrs. Gault had become divorced, would that fact have any effect in your determination of the issues?"

The voir dire examination of the jury was not reported, but on oral argument counsel for plaintiff conceded that the quoted statement charged to him was substantially correct.

On direct examination of plaintiff's husband her counsel asked him the following questions and received the following answers:—

"Q. What is your name, please?

"A. Donald Gault.

"* * *

"Q. You were the husband of Dorothy Gault, the lady seated in the room here?

"A. That is right.

"Q. And referring back to October 12, 1950, where were you living?

"A. 45 North Meridian Road, Youngstown.

"Q. Do you recall the morning of October 12 on which day there was an accident in which your wife was involved?

"A. Yes, I do.

"Q. Incidentally, since that time what is your marital status as far as Mrs. Gault and yourself is concerned?

"A. We are divorced.

"Q. You have been divorced. Where were you on that morning; had you been home early that morning?"

In view of the state of the record submitted to us we can not charge defendant's counsel with misconduct.

"The answer to a question in chief, however positive, does not preclude the adverse party, upon cross-examination, from requiring the witness to reaffirm or deny his previous statement, and to give a detail of the circumstances surrounding the fact to which he has testified and tending to disprove its existence." 42 O. Jur., Page 339, Section 336.

We conclude that no error prejudicial to plaintiff intervened thereby

Plaintiff's evidence, introduced through her attending orthopedic surgeon, disclosed that she suffered from an arthritic condition with lipping of the vertebrae, which the evidence disclosed had not caused any trouble, but which was caused by age, and which varies in different individuals.

Upon objection of defendant's counsel the trial judge sustained defendant's objection to the following answer of defendant's orthopedic surgeon, on the ground that such answer was an aggravation of the former condition:—

"The osteoarthritic condition can be very quiet and any undue strain or contusion or any trauma at all to the area might cause certain tissues to be broken up and allow certain irritation or jagging of the soft tissues adjacent to the arthritis and this in turn would cause pain."

Plaintiff contends that the trial judge erred to her prejudice in sustaining defendant's motion to the introduction of such evidence; and that plaintiff's injury was a new injury superimposed on a condition that had already existed.

In view of the verdict for the defendant any error in such respect was immaterial.

By a series of mathematical computations based upon the speed of the respective cars, the knowledge of the respective parties, and the physical situation which existed at the time the automobiles they were driving collided, and the law applicable to those facts, plaintiff contends that the verdict of the jury and judgment of the trial judge entered thereon are contrary to law. We do not so find. Such were questions of fact for the determination of the jury. The plaintiff had the right of way so long as she proceeded in a lawful manner, which was a question of fact for the determination of the jury.

It is apparent that the jury concluded that plaintiff was not proceeding in a lawful manner, and that both the parties were negligent, as it well could from the evidence properly submitted to it, and therefore that neither of them were entitled to recover from the other.

We cannot conclude that the verdict of the jury nor the judgment of the trial judge entered thereon are against the manifest weight of the evidence.

Finally, by brief, plaintiff states that she "sincerely believes that the motion for judgment notwithstanding the verdict which was filed and overruled should have been sustained." We find no merit to this contention.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.