**WILLIAMS, Plaintiff-Appellee, v. DIAMOND ARROW CABS, INC., Defendant-Appellant, CORROTO, Defendant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4038.   Decided April 8, 1959.

Eugene B. Fox, Youngstown, for plaintiff-appellee.

A. L. Burgstaller, Ralph B. Shwartz, Youngstown, for defendant-appellant, Diamond Arrow Cabs, Inc.

Thomas L. Corroto, Youngstown, for defendant, Frank Corroto.

**OPINION**

By PHILLIPS, J.

Diamond Arrow Cabs, Inc., called Cabs, appealed on questions of law from a judgment of the court of common pleas entered upon a jury verdict for $4500.00 for plaintiff in her action against defendants to recover damages for personal injuries sustained while riding as a paid passenger in defendant Cabs' taxi in a northerly direction on Elm Street in the city of Youngstown, and in favor of her co-defendant Corroto.

When defendant Cabs' taxi reached Rayen Avenue the automatic traffic signal light governing traffic moving over and along Elm Street and Rayen Avenue was in Cabs' favor and against defendant Corroto,

"it was red against me," but defendant Corroto continued westerly into the intersection into collision with Cabs' taxi at about the center of the intersection of Elm Street and Rayen Avenue.

There is a decided conflict in the testimony as to whether defendant Corroto "was in a funeral car procession and had a flag displayed and lights lit on his car," and confusing testimony that Cabs' taxi ran into Corroto's car and vice versa, when it was raining. A question for the determination of the jury was clearly presented, and therefore the trial court cannot be charged with commission of error prejudicial to defendant Cabs in overruling its motion for a verdict to be directed in its favor at the close of plaintiff's case. In any event defendant Cabs waived the right to claim such error when it relied on the ruling of the trial judge and proceeded to the introduction of evidence in its own behalf. See **Halkias v. Wilkoff, 141 Oh St 139.**

Plaintiff, a rather obese person, forty-eight years old, who had been treated for a lengthy period of time for hypertension and had had major surgery performed for intestinal obstruction and removal of an abdominal mass prior to the collision, and had been under medical supervision since 1946, was hospitalized from September 6, 1958, to October 1, 1958. There she received steam therapy and some ultrasonic treatments to the sacroiliac region, and at the time of trial in the common pleas court was still complaining of the injuries received in the collision.

Under the heading "Neurological Findings" in the hospital chart, signed by plaintiff's attending physician, and admitted in evidence over his objection, the word "physiological" or "psychological" was written. Plaintiff's physician testified "psychological" refers to a condition of head or mind, and was the word used in questioning Dr. Mermis when he testified that if that word was in the report it was an error.

Defendant Cabs contends that the trial judge erred to its prejudice in admitting "testimony offered by the plaintiff over" its objection and that "the action of the court in questioning witnesses of the plaintiff was such as to prejudice the rights of the defendant."

Plaintiff's attending physician testified on cross-examination:—

"Q. Now, Doctor, * * * when Mr. Fox asked you about this psychological, you want to say that you didn't see it.

"A. That is correct.

"Q. Well, you signed it, though, this is your signature.

"A. That is correct.

"Q. This is the hospital record.

"A. That is an error on my part.

"Q. This is a hospital record.

"A. That is correct.

"Q. And it pertains to a patient—, or pertains to Mrs. Williams.

"A. Yes.

"Q. And you are telling this jury that Mrs. Williams has been injured and had suffered all this length of time—.

"A. Yes sir.

"Q. Why did you put psychological there?

"A. I didn't put it there.

"Q. Well, it is on there.

"A. It is an error.

"* * *

"Q. Why is it here?   If you didn't OK—.

"A. Let me explain it to you:   It is an error."

Now with reference to the contention of defendant Cabs concerning "the action of the court in questioning the witness of the plaintiff" as being "such to prejudice the rights of the defendant" defendant cites 53 American Jurisprudence, Page 75, Sections 75 and 76, as follows:—

"* * * Nor should the judge by a dissertation addressed to a witness endeavor to get him to change his testimony.

"In jury trials the trial judge should be cautious and circumspect in his language and conduct before the jury.   He must be fair to both sides, and the extent to which he may go in comments and remarks during the trial is governed by the fundamental principle that nothing should be said or done by him which will prejudice the rights of the parties litigant.   Especially should he refrain from any remarks that are calculated in any way to influence the minds of the jury or to prejudice a litigant.   This includes remarks to counsel touching the management of the case and reflecting on their conduct, as well as those touching the character of the witnesses and the value of their testimony.

"A trial judge should not divert the minds of the jurors from the issue to be determined by them by attempting to vindicate his conduct in the case.   And it is improper for him, during a criminal case, to advise the jury that he follows recommendations of mercy, or, in a damage action, to refer to insurance carried by the defendant.

"Improper remarks which are prejudicial or have a tendency to prejudice the minds of jurors against the unsuccessful party afford a ground for new trial, or reversal of a judgment. * * *."

Also see 4 O. Jur. (2nd), Page 177, Section 938, where it is stated:—

"It is, as a general rule, regarded as prejudicial error for the trial judge, in the presence of the jury, to show by comment or otherwise any bias in favor of one of the parties; or, unless the state of the case is such as to authorize the court to take it from the jury or to direct the verdict, to indicate to the jury by comment or otherwise his opinion as to which party should win, or as to the credibility of witnesses, or as to the truth in regard to disputed facts; or to do or say anything which has a tendency to prejudice their minds against the unsuccessful party or in favor of the prevailing party. * * *."

Counsel for Cabs argue:—

"During final arguments, heated discussion arose wherein the defendant had no opportunity to question the court even though the court attempted to diagnose and analyze the word appearing in the record. This being the word, 'psychological' or 'physiological,' this argument was very heated and distracted the jury's attention and caused considerable ill feeling toward the defendant, Diamond Arrow Cab Company."

The portion of the record to which counsel refers in this argument is as follows:—

"During the argument of the defendant, Diamond Arrow Cabs, Inc., made by Mr. Burgstaller, the following reference was made:

"Mr. Burgstaller: - - - The Doctor places on paper, over his signature, a word, over his own signature, that is of Dr. Mermis, the word 'psychological,' and says that is in the mind—.

"The Court: Let me see that (Plaintiff's Exhibit No. 3.)   I think it is 'physiological.'

"Mr. Burgstaller: Well, Dr. Mermis testified it was 'psychological.'

"The Court: Well, we can all read and let the jury say for themselves.

"Mr. Burgstaller: Well, may be I didn't hear the Doctor correctly. Each one of you Members of the Jury heard the Doctor, and, if I recall, he said it was 'psychological'—.

"The Court: Well, pardon me; no matter what he said or anybody else said, there is the writing and the jury can see it themselves.

"Mr. Burgstaller: to the reporter, not in the hearing of the Jury: I want the record to show that I object to the remarks of the Court.

"The Court: The Court isn't interpreting that, the Court is simply saying that regardless of what any witness says about the writing, the writing is here and the jury can read it, that is all I am saying."

Counsel for Cabs argue that the action of the trial court by his manner and tone prevented defendant Cabs from having a fair trial; and that as a result of the court's actions the jury rendered an excessive verdict in view of all the testimony.

Counsel for Cabs further argue that there was a gross miscarriage of justice by reason of the prejudice perpetrated and injected by the interference and remarks of the trial court.   Counsel in their argument refer to the case of **Miller v. Hesseldon, 115 Oh St 266 at 267,** where it is said:—

"* * * The evidence had been fully submitted on that and other issues touching the negligence of the defendants.   In the midst of its charge, while commenting upon the speed laws of the state, the trial court temporarily digressed from its charge and addressed the taxi and other drivers in the audience, calling their attention to such speed statutes, and cautioning them to 'avoid the injury or killing of people who are in the exercise of their rights to cross and be upon the streets.' It is impossible to arrive at any other conclusion than that remarks of this character, made in a case where defendants were charged with violation of the speed laws, were highly prejudicial to the defendants, and that error intervened thereby; the effort of the trial court thereafter to minimize the prejudice, by cautioning the jury that such remarks should not be considered by them in their consideration of the rights of the parties on trial, did not, under the circumstances prevailing at the trial, cure the error so committed."

Counsel for Cabs also refers us to the case of **Gault v. Hall, 70 Abs 129;** and 95 American Law Reports 793, where it is said:—

"As a natural corollary of the principle that the instructions or remarks of the judge must be fair, judicial, and dispassionate, it has been asserted that they must not be argumentative."

At page 794 it is said:—

"Where the facts are simple and the judge's comments are entirely argumentative, reversible error has been committed. Smith v. United States (1927; C. C. A. 8th) 18 F. (2d) 896."

At page 795 it is said:—

"It is only when such expressions of opinion are argumentative in form, and unduly dwell upon some particular evidence, either directly or by necessary inference, that sound discretion is exceeded and reversible error found."

Counsel further argue by brief that:—

"* * * the trial court, by his actions as found in the Bill of Exceptions, was not only guilty of interference, but that the use of certain voice inflections that cannot be shown in the bill of exceptions prevailed upon certain witnesses who were prejudiced as plaintiff witnesses, to permit a different interpretation to be used in the testimony. All this, of course, was done inadvertently, but, nevertheless, does not cure the prejudice in the minds of the jury as the testimony developed. This court of appeals as practicing attorneys at one time, well know that any jury which is led to believe and has absorbed 'ideas' of the court, will usually follow whatever they think the true feelings of the trial judge may be and no amount of explanation and no type of charge to a jury will erase that from their minds."

It is clear that plaintiff was not assuming the existence of a condition which did not exist as the word "psychological" would have indicated.

The trial judge wisely and correctly charged the members of the jury that they could read the record themselves, which they apparently did and correctly interpreted.

The hospital record speaks for itself.

In the case of **Babcock v. Prudential Insurance Company of America,** 42 Abs 271, at page 280, the court said:—

"The rule is well recognized that where writing is pertinent to a question under consideration, the writing itself is the best evidence."

There is no error prejudicial to Cabs as claimed in this assigned ground of error.

The trial court cannot be charged with error prejudicial to defendant Cabs in overruling its motion for judgment to be entered in its favor, nor in overruling its motion for a new trial on the assigned grounds that the verdict of the jury is not sustained by sufficient evidence and "is manifestly against the weight of the evidence" except as noted hereafter.

We are unable to discover anything in the record on any financial loss to the plaintiff either by way of doctor bills, hospitals bills, or other monetary losses, although there is testimony as to pain and suffering incurred.

Upon careful consideration of all the medical testimony and evidence, which we find properly admitted, we conclude that the verdict is excessive to the amount of $750.00, and that if the plaintiff accepts a remittitur of all of such verdict in excess of $3750.00 within thirty days from the date of the signing of the docket entry by this court then the judgment of the trial court is affirmed; otherwise, such judgment

is reversed on the ground of excessiveness of the verdict not resulting from passion and prejudice, and accordingly contrary to law, and the cause is remanded to the trial judge for further proceedings to be had according to law.

GRIFFITH, PJ, DONAHUE, J, concur.