WILLIAM R. WATT and MILDRED G. WATT, Plaintiffs, v. JOHN A. ELWOOD, JOHN ELWOOD and ELMER ELWOOD, Defendants.

*(March* 29, 1954.)

HERRMANN, J., sitting.

*A. James Gallo* for the plaintiffs.

*William Prickett* for the defendants.

Superior Court for New Castle County, No. 875, Civil Action, 1953.

HERRMANN, J.:

This is an action for personal injuries resulting from an automobile accident.

At pre-trial conference, the defendants admitted negligence and liability and they requested that the issue for trial before the jury be limited strictly to the issue of damages. The plaintiffs urged that, notwithstanding the defendants' admission of liability, the plaintiffs should be permitted to introduce evidence and make statements to the jury regarding the nature of the accident. The plaintiffs were particularly anxious to show to the jury certain photographs of the plaintiffs' damaged automobile in order to demonstrate the seriousness of the accident.

A pre-trial order was entered providing in part as follows:

"Limitation of Issues

"Liability having been admitted by the defendants, the issues are limited to damages.

"The plaintiffs' counsel may state to the jury in substance that the plaintiffs' injuries arose out of being struck by a motor vehicle; he may not refer to, or offer evidence of, the circumstances of the accident."

The reasons for the ruling are twofold:

(1) In view of the admission of liability by the defendants, the issue of negligence is removed from the case and the issue of damages is the sole issue for trial. If the plaintiffs are permitted to state details of the accident, or to introduce evidence relative thereto, the door must then remain open for the defendants to dispute the statements or to controvert the evidence. Obviously, this could lead to a trial of the very issues which have been removed from the case by the defendants' admission of negligence.

(2) As to the procedural question presented, the case is in the same status as though there had been a default judgment, amount to be ascertained by inquisition. In such situation, it is the practice to limit the hearing to the question of damages.

It is conceivable that, under certain circumstances, the nature of the accident might be so correlated to the nature of the injuries as to make it improper to bar the plaintiff from showing the circumstances of the accident, even though negligence be admitted. This is not such a case.

I am of the opinion that the ruling made herein is within the power vested in the Court by Civil Rule 16, *Del. C. Ann.* which governs pre-trial conferences. Simplification of the issues is the purpose first stated by the Rule. Civil Rule 16 re-

quires that, after pre-trial conference, the Court shall make an order which, *inter alia*, "limits the issues for trial to those not disposed of by admissions or agreements of counsel". I think the ruling made herein is within the letter and spirit of the Rule.