GULF OIL CORPORATION, a corporation of the State of Pennsylvania, and EDWARD F. WOLFE, JR., Defendants Below, Appellants, v. MARY F. SLATTERY and WILLIAM F. SLATTERY, Plaintiffs Below, Appellees.

(*June* 29, 1961.)

SOUTHERLAND, C. J., WOLCOTT, Justice, and DUFFY, Judge, sitting.

*Samuel R. Russell* (of Morford, Young and Conaway) for appellants.

*David B. Coxe, Jr.* (of Coxe, Booker, Walls and Cobin) and *Harold Shaffer* (of Keil, Shaffer and Keil) for appellees.

Supreme Court of the State of Delaware, No. 16, 1961.

SOUTHERLAND, C. J.:

Plaintiffs below, Mary F. Slattery and William F. Slattery, her husband, brought suit to recover damages for personal injuries to Mrs. Slattery, sustained in an automobile collision. The facts are these:

On February 9, 1959, Mrs. Slattery was riding in an automobile operated by her son. The car stopped at the intersection of South Market and A Streets, Wilmington. While stopped it was struck from the rear by a tank truck of the

defendant Gulf Oil Corporation, operated by the defendant Wolfe. Mrs. Slattery was knocked unconscious. She was taken to the hospital, and was examined and released. Four days later she visited an osteopathic physician, Dr. Davis, who diagnosed a whiplash injury to the neck. He treated her many times during 1959. In August he found her much improved but not completely recovered. During this period she was also examined by a neurologist and by an orthopedic surgeon. They found no indication of permanent physical disability.

In July, 1960, she was examined by Dr. Jerome Kay, a psychiatrist. His diagnosis was that Mrs. Slattery was suffering from a "traumatic neurosis", *i.e.*, a form of nervousness in which an emotional shock appears to be the cause of the symptoms. A whiplash injury is especially apt to develop such symptoms. This neurosis is in no sense a form of insanity, but a feeling of tenseness, sometimes accompanied by physical symptoms such as headaches, vomiting, and so forth.

Mr. and Mrs. Slattery brought suit to recover damages resulting from her injuries. Gulf admitted liability, and the case was tried before the court and jury on the issue of damages only. The jury returned verdicts of $15,000 and $2,500 in favor of Mrs. Slattery and Mr. Slattery respectively. The defendants appeal. They assert five grounds of error.

I. *Refusal of defendants' motion for a continuance.*

After defendants had learned of Dr. Kay's diagnosis of traumatic neurosis, they obtained an order for an examination of Mrs. Slattery by Dr. M. A. Tarumianz. Dr. Tarumianz examined her on November 8, 1960, and gave to counsel a report of his findings. His diagnosis was that she was suffering from "post traumatic anxiety state". His recommendations indicate that he took a less serious view of Mrs. Slattery's condition than that taken by Dr. Kay. At all events we shall assume that his testimony would have been material to the issue tried.

The trial was scheduled for November 14th, but was postponed to the December Term. It was then scheduled for trial on February 13, 1961. On January 17th defendants' counsel learned that Dr. Tarumianz planned to be out of the country from January 25th to April 1st. On January 19th he moved for a continuance, annexing to his affidavit a copy of the doctor's report. The motion was heard on January 25th and was denied without opinion. Defendants then asked for an amendment to the order providing that the affidavit would be admissible at the trial. This motion was denied. The defendants did not seek to obtain an examination of Mrs. Slattery by any other psychiatrist, and went to trial without medical testimony.

Defendants assail the trial court's rulings on two grounds: (a) that refusal of the continuance was an abuse of discretion; and (b) that in any event the affidavit should have been ruled to be admissible evidence.

Superior Court Rule 40(d), *Del. C. Ann.* provides:

"(d) Continuance; Absence Of Material Witness. Every motion for continuance upon the ground of the absence of or unavailability of a material witness shall be filed as soon as said absence or unavailability becomes known and shall be accompanied by an affidavit on behalf of the party applying therefor, setting forth the facts which he expects to prove by such witness, the efforts made to procure his attendance, and the date when the absence or unavailability of the witness became known. If it be stipulated by the opposite party, that the witness if called would testify as set forth in the affidavit, the court, in its discretion, may refuse the motion, and under such circumstances, the affidavit may be offered in evidence at the trial."

(a) The affidavit filed by counsel set forth at length the matter to be proved by the doctor and its materiality. It did not, however, set forth any "efforts made to procure his

attendance", as required by the rule. There was no showing of the issuance of a subpoena—an almost indispensable requirement for a continuance under the former Superior Court practice. See *Woolley on Delaware Practice*, § 629. Nor was any attempt made to take the doctor's deposition. Defendants elected to take the chance of the court's ruling on a motion for continuance rather than to take the precaution of taking a deposition.

Since defendants failed to show the diligence required as the foundation for the requested continuance, it must follow that the trial judge did not abuse his discretion in refusing it.

Defendants cite some authority for the rule that it is an abuse of discretion to deny a continuance "where the application complies with every requirement of the law * * * and the evidence is material and due diligence is shown". 17 *C. J. S.* Continuances § 46, p. 223. To the same effect is *Bradley v. Poole*, 187 *Va.* 432, 47 *S. E.* 2d 341. These authorities are not in point here. The defendants did not comply with the requirement of diligence.

▇ (b) The defendants make the subsidiary argument that even if the court was justified in refusing the continuance the affidavit authorizing the doctor's testimony should have been admitted in evidence. The meaning of the rule, they contend, is that the court may refuse a continuance on the ground of the absence of a material witness only if the opposing party stipulates to the admissibility of the affidavit. Of course, the rule does not so provide; it merely provides that an opposing party may be able to avoid a continuance if he chooses to admit the affidavit. But the essential fallacy of the argument is the assumption that the court has no discretion to deny such an application even though there is no showing of diligence. The contention that the affidavit in this case automatically became admissible is clearly without merit.

II. *Admission of evidence of the circumstances of the accident.*

■ The defendants at the beginning of the trial admitted liability. They then asked the court to rule that the circumstances of the accident were not relevant to the issue of damages, citing *Watt v. Elwood*, 48 *Del.* 375, 104 *A.* 2d 377. The plaintiffs contended that such circumstances were related to the nature and extent of Mrs. Slattery's injuries and should be received. The trial judge expressed the view that, in general, any phase of the accident that shed light upon the extent of the injuries would be admissible, for example, the force of the impact or the fact that Mrs. Slattery's car was standing still. But the fact that the car was stopped because of a light signal would be immaterial.

In effect, this distinction was followed (or sought to be followed) during the trial.

Defendants assail this ruling of the trial court, but we think it was correct. The case was obviously one in which the nature of the accident—a sudden violent rear-end collision—was directly related to the nature and extent of the injuries—a whiplash injury to the neck. In such a case the circumstances of the accident are admissible. Judge Herrmann's opinion in *Watt v. Elwood* holds nothing to the contrary.

Defendants say that notwithstanding the court's ruling, certain circumstances not related to the nature of the injuries were in fact testified to. This is true, but they either came in without design, or, in one case, as part of a report made by Mrs. Slattery to Dr. Kay. They constitute no basis for any claim of error.

Defendants' real objection is that no circumstances of any kind relating to the accident should have been received. For the reasons heretofore stated, this contention is rejected.

### III. *Objection to opinion of expert witness as based on opinions of others.*

 Dr. Kay, the psychiatrist, was called as a witness for the plaintiffs. Before plaintiffs' counsel began the direct examination, counsel for defendants examined him on *voir dire*. Counsel asked Dr. Kay whether the opinion he was "about to render" in the case was based upon his examination of Mrs. Slattery, data he received from other physicians, and certain observations of plaintiffs' attorney. Without referring to the opinion he was "about to render", Dr. Kay replied that his conclusions were based primarily on his own observations and examinations, although he took advantage of any other information or objective data available.

Counsel for defendant then asked for a ruling excluding Dr. Kay from testifying. Counsel for plaintiffs replied that he was calling Dr. Kay as a psychiatric expert and would put to him a hypothetical question. After considerable argument the trial judge told counsel that he would rule on the questions as they came up.

Thereafter Dr. Kay testified to the patient's history as related to him by her, and then answered a hypothetical question whether in his opinion the accident of February, 1959, had a causal connection with Mrs. Slattery's present symptoms. Dr. Kay replied that there was no question but that there was such a causal relationship.

We find no specific objection to this testimony. At all events it was clearly proper. The contention is that the court should have ruled out his testimony in advance, on the ground that it would be based on opinion of other doctors and statements of counsel. But, as it turned out, the witness was not asked to state the "conclusions" that he had referred to on *voir dire*, but was asked to express an opinion on the hypothetical question. Thus the testimony actually given affords no support to defendants' contention. Indeed the method

pursued by counsel for defendants—the attempt on *voir dire* to attack testimony not yet given by the witness—seems to us to be an unusual method of proceeding. The trial judge correctly declined to make a definite ruling on any such basis, but he, of course, reserved to defendants' counsel the right to object to the questions later to be asked.

It is said that it is impossible to be certain how much of Dr. Kay's testimony is based on improper sources. We find no suggestion in the record supporting this argument.

There was no error in the admission of Dr. Kay's testimony.

IV. *Refusal of defendants' motion for a partial directed verdict.*

At the close of the testimony the defendants moved for an order directing a verdict for defendants "as to plaintiffs' claims based on Mrs. Slattery's alleged traumatic neurosis" on the ground that she had as a matter of law failed to minimize her damages.

This contention is based on Mrs. Slattery's failure to take a course of psychiatric treatment recommended in a letter of September, 1960, from Dr. Kay to her attorneys. This was the first time that psychiatric treatment for Mrs. Slattery had been recommended.

Mrs. Slattery did not take these treatments. In these circumstances defendants invoke the well-settled principle that it is the duty of a person injured by the tort of another to take all reasonable steps to minimize his damages. This principle is not questioned. *Wise v. Western Union Telegraph Co.*, 37 *Del.* 209, 181 *A.* 302; *Murphy v. American Barge Line Co.*, 3 *Cir.*, 169 *F.* 2d 61; 48 *A. L. R.* 2d 346, 349. The court accordingly charged the jury that it was the duty of the plaintiff to use reasonable care to try to prevent or minimize the damages.

Defendants, however, contend that because Mrs. Slattery failed to take psychiatric treatment *after* the September 1960 letter, she is as a matter of law entitled to no damages whatever for traumatic neurosis, even though she had developed this ailment *before* September, 1960.

This contention is clearly unsound. The extent of Mrs. Slattery's injury, and the amount of damages, if any, to be disallowed because of her failure to take psychiatric treatments after September, 1960, were questions of fact for the jury under all the circumstances. It is quite clear from Dr. Kay's testimony that Mrs. Slattery had suffered from the neurosis for a considerable time before she consulted him. There is no suggestion that psychiatric treatment was recommended during this period. Therefore she could not have been deprived of *all* recovery for the neurosis. Moreover, as to the period from September, 1960, to the time of trial, there was a jury question whether she acted unreasonably in not taking the treatment in the light of Dr. Kay's rather pessimistic prognosis as to her recovery even if she took the treatment. It follows that binding instructions on the extent of recovery would not have been proper. The court correctly submitted the question to the jury under proper instructions.

The defendants' prayer for a partial directed verdict was properly refused.

V. *Miscellaneous Errors.*

Defendants' last point consists of a melange of episodes occurring during the trial, rather trifling in themselves, which they contend, taken cumulatively, constituted prejudicial error under the rule of *Robelen Piano Co. v. Di Fonzo, Del.,* 169 *A.* 2d 240.

We set forth seven classes of these episodes, with brief comments.

(1) Answers volunteered by witnesses respecting irrelevant circumstances of the accident.

These were natural and spontaneous comments of the witnesses and reflect no studied attempt to disregard the court's ruling.

(2) Insistence by plaintiffs' counsel on questioning Mrs. Slattery about the extent of her pain caused by the accident and her pains in childbirth.

The court sustained defendants' objections to these questions.

(3) Offer in evidence of an unauthenticated photograph.

We fail to see any improper conduct in the making of the offer.

(4) Improper comment of plaintiffs' counsel in argument to the jury.

These points are well taken. Counsel went beyond the bounds of propriety in suggesting to the jury that defendants' objections were designed to suppress pertinent evidence; and also in implying that Gulf should have offered psychiatric treatment to Mrs. Slattery. As to those statements, the court either instructed the jury to disregard them, or they were not objected to. At all events the impropriety was far from being serious enough to require setting aside the verdict.

(5) Volunteer statement of Mrs. Slattery's daughter, after having been withdrawn from the witness box by plaintiffs' counsel, that she would like to have her say.

The court directed the jury to ignore the statement.

(6) Medical testimony that Mrs. Slattery was not malingering.

We see no objection to this. It was pertinent to the existence of her illness.

(7) Comments by plaintiffs' counsel on defendants' counsel's objections, asserted to be unfairly acrimonious.

The best answer to this is the trial judge's remark: "All three of you attorneys, it seems to me, are being a little bit * * * querulous today".

In our opinion, these matters, either singly or collectively, do not constitute prejudicial error.

The judgment below is affirmed.