HALL, APPELLEE, *v.* BURKERT, APPELLANT. (Two cases.)

(Nos. 4195 and 4196—Decided April 10, 1962.)

*Messrs. Falls, Hazel & Kerr*, for appellees.
*Messrs. Shirreffs, Jones & Moore* and *Messrs. Wise, Roetzel, Maxon, Kelly & Andress*, for appellant.

BROWN, P. J. The consolidated actions of Katherine P. Hall for personal injuries, and of Eugene R. Hall, her husband, for expenses, loss of services and loss of consortium occasioned by his wife's injuries in an automobile collision were tried to a jury and resulted in verdicts of $25,000 in favor of Mrs. Hall and of $10,000 in favor of her husband.

The defendant, appellant herein, admitted liability. Mrs. Hall's injuries were severe, her husband's out of pocket expense was substantial, and their claims that both injuries and expenses were occasioned by the accident were not seriously controverted.

There are three assignments of error. Firstly, the defendant complains that since liability was admitted, testimony concerning the manner in which defendant's car was being operated two or three miles away from the actual scene of the accident and immediately prior to the time of the collision should not have been admitted over the defendant's objection. It is argued that this testimony under these circumstances was immaterial since it bore upon liability, which liability was admitted.

The trial judge's admission of such evidence under these circumstances is discretionary both as to whether such evidence is too remote in time and distance and as to whether such evidence, if not too remote, is material and competent upon the controverted issue of the seriousness and permanency of the plaintiff's injuries. The speed with which a car is being driven into collision may have a distinct relationship with the seriousness of injury of a person injured in the collision. 21 Ohio Jurisprudence (2d), 210, Section 199; *Pletcher* v. *Bodle*, 13 Ohio

Law Abs., 708; *Solomon* v. *Mote*, 38 Ohio Law Abs., 169; *Van Agthoven, Admr.,* v. *Zumstein Taxicab Co.*, 18 Ohio App., 395.

Secondly, the trial court is said to have committed prejudicial error in admitting testimony, over defendant's objection, concerning the husband's claim for travel expenses to and from the hospital for the purpose of visiting his wife during her prolonged treatment there.

We hold that the reasonable expense incurred by the husband in visiting his wife during her period of hospitalization occasioned by an accident is a recoverable expense and concerning the extent of which the husband is competent to express an opinion. 20 American Jurisprudence, 656 *et seq.*

Thirdly, and most violently, defendant complains that plaintiffs' counsel in argument used a blackboard, and wrote thereon for the jury a list of figures representing counsel's idea of the money value to be placed upon Mrs. Hall's pain and suffering, suggesting that the jury, in computing the damages allowable to Mrs. Hall for her pain and suffering, might well use a per diem figure. For example, plaintiffs' counsel suggested $100 per diem for the 77 days Mrs. Hall was in traction, $100 per diem for the 221 days she spent in a cast, $50 per diem for the period (240 days) between removal of the cast and the first day plaintiff walked without crutches.

Appellant suggests that the use of such argument be proscribed and that this court should in so doing adopt the rule in *Botta* v. *Brunner*, 26 N. J., 82, 138 A. (2d), 713, 60 A. L. R. (2d), 1331, which states in the A. L. R. headnote:

"In opening or closing in an action for bodily injuries, counsel may not, even though no personal opinion is expressed, suggest that a valuation of damages for pain and suffering be based on so much per hour or day or week, or ask the jurors if they do not think the pain and suffering are fairly worth so much per hour or day or week, and then demonstrate, by employing such rate as a factor in his computation, that a verdict of a fixed amount of money would be warranted or could be justified."

We decline to do so, as did the court in *Pennsylvania Rd. Co.* v. *McKinley*, 288 F. (2d), 262. We hold that counsel in argument may persuade and advocate to the limit of his ability

and enthusiasm so long as he does not misrepresent evidence or go beyond the limits of propriety set upon his arguments by the trial judge in his sound discretion. *Haycock* v. *Christie*, 249 F. (2d), 501; *Ratner* v. *Arrington* (Fla.), 111 So. (2d), 82; *Clark* v. *Hudson*, 265 Ala., 630, 93 So. (2d), 138; *McLaney* v. *Turner*, 267 Ala., 588, 104 So. (2d), 315; *Johnson* v. *Brown*, 75 Nev., 437, 345 P. (2d), 754; and other cases cited in *Pennsylvania Rd. Co.* v. *McKinley, supra* (288 F. [2d], 262). See, also, *Miller* v. *Loy*, 101 Ohio App., 405, and *Hall* v. *Booth*, 178 N. E. (2d), 619 (Hamilton County Court of Appeals, decided December 11, 1961).

The risk of overpersuasion resulting in excessive verdicts is counsel's risk. Such a verdict, however, is to be judged on appeal by its excessiveness under all the evidence, applying the usual tests.

In the instant case, we again note that liability was admitted by the defendant and excessiveness of the verdict is not argued. The verdict when examined in the light of uncontradicted evidence is certainly not excessive in this court's opinion.

The evaluation of injury and damage, especially of pain and suffering, by a jury is an imprecise transaction at best. In view of this, it is doubtful whether any verdict in a case of admitted liability arising out of a collision should be reversed for error occurring at the trial unless it can be strenuously argued that the verdict is excessive.

We hold that substantial justice has been done between these parties, and the judgment is affirmed.

*Judgment affirmed.*

DONAHUE and GRIFFITH, JJ., concur.