Leroy HAYES, Appellant,

v.

Irene SUTTON and Willie Sutton, Appellees.

No. 3150.

District of Columbia Court of Appeals.

Argued Jan. 28, 1963.

Decided May 3, 1963.

---

Edward C. Donahue, Takoma Park, Md., with whom William A. Ehrmantraut and John J. Mitchell, Takoma Park, Md., were on the brief, for appellant.

Joseph Zitomer, Silver Spring, Md., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellees, passengers in a taxicab, brought this action for personal injuries suffered by the wife when appellant's taxi-

cab drove into the rear of the cab in which they were riding. Before trial the jury was told that appellant admitted his liability, and that the only issue remaining in the case was the amount of damages. At trial the court permitted appellees' counsel to seek to establish, through questioning of appellees and appellant, that appellant was intoxicated at the time of the accident. It is urged that since liability was admitted, appellant's condition was in no way relevant; that testimony as to his intoxication served only to inflame the jury against him; and that the ruling of the court permitting such testimony requires reversal of the jury verdict.

■ Whether, and to what extent, a judicial admission precludes the party benefiting by it from offering further evidence relative to the matters admitted is a question addressed to the sound discretion of the trial court. Wigmore, Evidence § 2591 (3d ed.); 53 Am.Jur. Trial § 105. In personal injury actions, as distinguished from wrongful death actions, it is generally held, and appellant concedes, that, despite an admission of liability, evidence of the circumstances surrounding the accident, especially evidence relating to the force of the impact, may remain relevant because it bears on the extent of plaintiff's injuries. The cases on the subject are collected in the annotation in 80 A.L.R.2d 1224.

■■ Whether in a given case a defendant's intoxication bears so directly on the force of the impact, and therefore on plaintiff's damages, as to make evidence on this issue relevant despite its possible inflammatory effect on a jury is again a determination which is best left to the discretion of the trial court. At the trial below testimony as to appellant's intoxication was permitted on the ground that his condition at the time of the accident and immediately before would affect his ability to recall factors relating to the force of the impact, such as his speed and awareness of impending danger. The record discloses that the court narrowly circumscribed questioning by appellees' counsel on this issue, and that the testimony was reasonably related to the matters in dispute. We find no abuse of discretion.

■ Medical testimony at the trial centered on a back injury which it was conceded resulted from the collision, and a female condition which antedated the accident but which appellees claimed was aggravated by it. The court ruled at the close of the evidence that appellees had not sufficiently shown a causal relation between the accident and Mrs. Sutton's female condition to allow the jury to consider it as an item in the damages. The court refused, however, to instruct the jury to this effect, because it felt it "should keep all its comment on the details of the evidence to a minimum." This was error. Having ruled that the evidence was insufficient to establish a causal connection between appellant's negligent act and one item of the claimed damages—and we think the ruling was correct—the court should have instructed the jury to disregard all evidence relating to this item in arriving at the amount of damages to be awarded. Much evidence on this point had been received and, without such an instruction, the jury would naturally assume that such evidence was properly before it for consideration.

■ Lastly, appellant claims that appellees are bound by their pretrial statement, in which "loss of prospective employment" in the amount of $200 was claimed for the wife, and that the court in its instructions on loss of earnings should have limited appellees to that amount. It is clear that the pretrial statement refers only to appellees' "specials"—ascertainable out-of-pocket losses already incurred as a result of the accident, up to the time of the statement—and did not limit the jury in awarding damages for future loss of earnings in accordance with the court's instructions.

Reversed with instructions to grant a new trial.