CAMERLIN ET, PLAINTIFFS-APPELLEES, *v.* STARR,
DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Columbiana County.

No. 831.   Decided June 25, 1963.

226

Messrs. *Aronson & Fineman* and *Mr. William E. Conklin*, for plaintiffs-appellees.

*Mr. William E. Pfau, Mr. William E. Pfau, Jr.*, and *Mr. David C. Comstock*, for defendant-appellant.

BROWN, P. J. This action arose out of a two car collision at an intersection. Alberta Camerlin sued for personal injuries, and Vincent, her husband, joined in the action claiming damages to personal property, expenses and loss of services. There was a verdict by a jury for Alberta Camerlin for $7,500.00, and for Vincent Camerlin for $2,500.00. Judgment was rendered on the verdict. Motion for new trial grounded upon excessiveness of the verdict and error in the trial was overruled by the trial judge, who considered the same seriously and rendered a written opinion on each of the grounds of the motion. The same grounds are assigned as error in this appeal.

The fourth assignment of error was that the damages assessed by the jury were excessive and were the result of passion and prejudice.

This was the sole issue before the jury, since the defendant by a written pleading filed immediately prior to trial had unqualifiedly admitted that the proximate cause of collision was the negligence of the defendant. At the time of filing the amended answer admitting negligence and proximate cause counsel for the defendant in chambers, but for the record as the same appears in the bill of exceptions at record page 4, requested the court for an instruction to plaintiff's counsel to refrain from any comment or suggestion of the state of intoxication of the defendant at the time of the accident on the grounds that such comments would be "highly prejudicial to the rights of the defendant."

Counsel for the plaintiff suggested to the court that he should be permitted to raise this question if during the trial it became material to show speed or manner of operation of the vehicle with regard to direction, speed, or whether the brakes were applied.

The court overruled the motion for the instruction, indicating that intoxication "may go to (become material upon) the question of damages."

Plaintiffs' counsel thereafter made an opening statement in which he stated: "We expect to show * * * that Mr. Starr was in a state of intoxication so that he was unable to slow his car down or control it to the extent he could keep from hitting the Camerlin car."

Defendant moved for the withdrawal of a juror and continuation of the cause on the ground that the defendant's intoxication had at that point no bearing upon the suit and was prejudicial and inflammatory. The trial court overruled this motion.

It is the opinion of this court that the trial court erred in so doing. Counsel for the plaintiff had been apprised by the preliminary motion that the admission of negligence and proximate cause was for the purpose of eliminating the prejudicial effect of the fact of defendant's drunkenness from the minds of the jurors as they attempted to determine whether the plaintiff was injured in the accident, to what extent she was injured, and the amount of damages in money which would compensate her and her husband for such injury and damage.

The trial court overruled the preliminary motion with the following statement:—

"I can visualize a situation where even with the issue of negligence out of the case and proximate cause that the question of how badly injured was this lady and how great was the force that struck her automobile could very well be connected to the condition of the driver of defendant's car * * *."

The trial court was, therefore, reserving a right to permit evidence which would show intoxication if it became material upon the question of injury and damage as related to speed and manner of occurrence of the accident as it related to injury or damage.

For counsel to make an open reference to defendant's drunkenness in opening statement under these circumstances is to introduce inflammatory and highly prejudicial matter anticipatorily to its becoming material.

Clearly it has been held, and with good reason, that the force and manner of happening of a collision may be material upon the question of injury and damage.

We are not called upon to decide at what point the defendant's drunkenness become material because at this point it was not material.

It was immaterial at record page 39 when, during plaintiffs' case a witness upon direct examination was solicited by the plaintiffs' counsel and permitted by the court to state that defendant was intoxicated at the time of the accident. It was inflammatory for plaintiffs' counsel to ask of the defendant on cross-examination at record page 172:—

"As a matter of fact you don't even remember where you were at for the whole evening and morning before this accident happened do you?"

At this point on cross-examination defendant had admitted under oath his liability, that he didn't know how fast he was going when he struck Mrs. Camerlin, and that he didn't know what color the light was that he had just gone under or was going through at the time of the accident. His drunkenness was not material upon credibility since he had as yet said nothing which denied that the accident occurred with the speed and in the manner claimed by the plaintiff or plaintiffs' witnesses.

The question put to defendant upon cross-examination by plaintiffs' counsel during plaintiffs' case at record page 175 was as follows:—

"Now Mr. Starr by the answer that you filed in this case you admit do you not that you were under the influence of intoxicating liquors at the time of this accident."

The answer to this question at this point in the record was immaterial and the court erred in failing to sustain defendant's objection to it.

The nature of the injury and damages claimed by the plaintiffs were such that a large part of the judgment for the plaintiff, Mrs. Camerlin, was necessarily based upon subjective complaints.

The plaintiffs' persistent and successful attempts to call to the jury's attention the fact of drunkenness of the defendant, having under the circumstances no materiality that we can see on the issue of damages, were for the purpose of affecting with immaterial evidence the size of the verdict. Since the plaintiff introduced it for that purpose we must presume it had that effect and was, hence prejudicial. The rulings permitting it were erroneous and prejudicial. Cases which support our position in this matter are: *Cleveland Railway Co.* v. *Kozlowski*, 128 Ohio St., 445; *Maggio* v. *City of Cleveland*, 151 Ohio St., 136; *Macci* v. *Aldred*, 40 Ohio Law Abs., 287, 28 Ohio Opinions, 390.

The second assigned error is that the court erred in allowing evidence to be introduced at trial of a condition of plaintiff, Mrs. Camerlin, known as diplopia or double vision claimed to have resulted from the accident.

Plaintiffs' amended petition, specifying in detail the injuries claimed by plaintiff as a result of the accident, says:—

"Plaintiff wife alleges that as a proximate result of said collision she was violently thrown about in said automobile. That she received a severe blow to her body and particularly in and about the area of the back and the lower extremities. That she suffered a severe injury in and about the area of the lower back and spine. That the muscles, ligaments, nerves and other soft tissues in and about the lumbar and sacral area of the back and spine were severely strained, sprained and injured. That the disc of her spine in and about the lumbar and sacral area were damaged and injured. That she suffered severe spasms in and about the right side of her lower extremi-

ties. That the intervertebral discs in and about the cervical, dorsal and lumbar area of her spine were bruised and sprained. And that the soft tissues in and about the cervical area of the spine were injured resulting in pain muscle spasm, limitation of motion, headaches, double vision, diplopea, vertigo and dizziness and other soft tissue injury. That the right kidney and soft tissues in and about that area were injured to the extent that she suffered from hematuria.

"That this plaintiff wife received a severe and emotional shock to her nervous system. That the nervous system of this plaintiff wife has been greatly damaged and to the extent that said plaintiff wife suffers from traumatic neurosis.

"Plaintiff wife alleges that she received from said accident contusions and abrasions of the lower back, right hip, legs and right arm and that the muscles, ligaments and other soft tissues in and about said area have been damaged and injured."

The petition thus describes the areas of the body which were injured and the extent of the injuries. The petition does not purport to enumerate or describe the symptoms resulting from these injuries with such particularity as to exclude proof of symptoms attributable to injuries such as those described in the petition. At record page 154 plaintiff's doctor tied the eye condition or symptoms to the neck injury as pleaded. We think its admission was proper exercise of sound discretion by the trial judge.

The third error assigned is not well taken.

The fourth error assigned had to do with excessiveness of the verdict. Under the evidence, and in the absence of the inflammatory matter found to have been improperly admitted under the first assignment of error, this verdict was not excessive. We must presume that a verdict based upon subjective complaints was affected by the repeated references to defendant's drunkenness at the time of the accident. Since we are unable to determine how a jury unaffected by improperly admitted inflammatory testimony would have evaluated the claims of plaintiffs the cause must be remanded for retrial.

FRANCE, J., concurs.
JONES, J., not participating.