## DONALD M. SOUDEN v.
## CORDELIA JOHNSON AND ANOTHER.

151 N. W. (2d) 767.

June 9, 1967—No. 40,272.

*John (Jack) M. Miller,* for appellant.

*Lasley, Foster & Roehrdanz* and *W. M. Lasley,* for respondents.

SHERAN, JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for a new trial.

In Souden v. Johnson, 267 Minn. 151, 125 N. W. (2d) 742, we granted plaintiff a new trial in a personal injury case after a jury verdict in defendants' favor, holding that defendant driver's negligence was a proximate cause of the accident as a matter of law. Plaintiff's claim has now been tried again and another jury has returned its verdict for defendants. His post-trial motion having been denied, it is plaintiff's position in this court that he should be given a new trial because:

(1) Defendants' attorney (attempting to refute plaintiff's medical theory that the accident caused him to suffer a low back injury with internal blood-clotting problems developing after extensive treatment including surgery) improperly and without adequate foundation tried to develop by cross-examination that certain X rays of the plaintiff taken following the accident disclosed "recent" rib fractures—a prejudicial incident because the existence of such fractures would be inconsistent with plaintiff's testimony that following the accident he had sustained no trauma which could cause a fracture of this type.

(2) Defense counsel on cross-examination of plaintiff was permitted over objection to ask what defendant driver told plaintiff at the scene with respect to the accident even though, by virtue of our prior decision, liability was established in this case as a matter of law.

(3) The trial court erroneously received in evidence a signed statement taken from plaintiff on September 14, 1960, relating to the accident.

■ We do not believe that we would be justified in ordering a third trial of this case because of the errors claimed. The accident happened on August 31, 1960. The X rays were taken about 6 months later on March 2, 1961, under the direction of Dr. Sewell Gordon at the request of Dr. David Randall, an attending physician. The radiologist's impression was that the X rays indicated *"healed or almost healed"* [1] fractures of the second through seventh ribs. (Italics supplied.) Dr.

---

[1] At trial, the words were quoted as "healing or almost healed." At an-

Gordon, upon examination by defendants' attorney, acknowledged that the findings of recent fractures were questionable. He stated:

"* * * We just can't be sure of them, and unfortunately, this is frequently the case in rib fractures because it's technically difficult to be sure whether there are any fractures and, again, whether they are brand-new fractures."

While we agree with plaintiff's contention that this testimony of Dr. Gordon did not establish the existence of fractures on March 2 attributable to trauma occurring after August 31, 1960, we believe that some inquiry with respect to these findings was justified, and that if subsequent inquiry by defendants' attorney exceeded permissible limits, there was no such prejudice resulting from such excess as to warrant retrial.

■ Because plaintiff claimed extensive injury attributable to an accident which seemed relatively minor at the time of its occurrence, the inquiry concerning defendant driver's comments at the scene with respect to the accident and the written statement made by plaintiff were properly considered by the jury in attempting to determine whether an impact so slight was or could have been the proximate cause of an injury so severe as that claimed by plaintiff. The written statement was also relevant because it embodied a recitation by plaintiff of his recollection of the first onset of pain more than a day after the accident. We do not believe that the jury rejected plaintiff's claim for damages because the written statement also disclosed that Mr. Souden was in the course of his employment when the accident occurred. Statements of a party to an accident with respect to it are admissible as admissions even though not impeaching. See, Kvanli v. Village of Watson, 272 Minn. 481, 139 N. W. (2d) 275.

■ The jury was justified in finding no connection between the accident and the injury claimed. See, Tibbetts v. Nyberg, 276 Minn. 431, 150 N. W. (2d) 687.

Affirmed.

---

other point the report refers to the "healing and healed" fractures. The difference is of no significance.