110 N.J. Super. 377 (1970)
265 A.2d 823
CAROL GAMBRELL, PLAINTIFF-RESPONDENT,
v.
JOHN A. ZENGEL AND JANE R. ZENGEL, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1970.
Decided May 26, 1970.
*378 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Nathaniel H. Roth argued the cause for appellants (Mr. Robert L. Livingston, on the brief).
Mr. Loren C. Lewis argued the cause for respondent.
*379 The opinion of the court was delivered by KILKENNY, P.J.A.D.
Plaintiff was the operator of an automobile which was struck by defendants' vehicle at the intersection of First Street and Lexington Avenue, in Lakewood, New Jersey, on February 20, 1965, at about 11:30 P.M. Plaintiff sued in negligence to recover for her personal injuries and consequential damages.
At the trial defendants admitted liability and litigated only the issue of damages. The jury awarded plaintiff $7105. Defendants' motion for a new trial on the several grounds stated in its notice thereof was denied. Defendants appeal from the whole of the judgment based upon the verdict and entered in favor of plaintiff. Two grounds are advanced for a reversal. We shall discuss them in the order presented in defendants' brief.

I
Defendants contend that the trial court erred in admitting into evidence photographs of the intersection where the accident occurred and of the respective automobiles following the collision, and also in admitting the testimony of the investigating police officer as to the location of the debris at the scene and the distance traveled from the alleged point of impact. They argue that, liability having been admitted, such evidence and testimony had no probative value of any facts in dispute at the trial and only served to inflame the passions of the jury and prejudice the jurors against defendants.
The only purpose in admitting the photographs and police officer's testimony was to show the force of the impact through the damages to the vehicle and the distance traveled, which allegedly caused plaintiff's injuries. Defendants claim that it was unfair thus to permit the jury to infer that plaintiff sustained serious personal injury, since a heavy impact between two vehicles is an unreliable barometer of the severity of physical injury sustained.
*380 It must be conceded that the force of the impact, when two automobiles collide, does not necessarily justify an inference that the occupants of the vehicles sustained serious physical injuries. As defendants' medical expert expressed it:
I have known people who step off a curb and break a leg and a car can turn upside down and you can be lucky and walk away from it without a scratch; * * *.
At the same time it is a generally accepted rule that evidence of the speed at which the colliding cars were traveling, the severity of the physical impact and the manner of the happening of the accident is admissible where there is an issue as to the seriousness of plaintiff's injuries. And this, too, despite admitted liability. See Martin v. Miqueu, 37 Cal. App.2d 133, 98 P.2d 816 (D. Ct. App. 1940); Johnson v. McRee, 66 Cal. App.2d 524, 152 P.2d 526 (D. Ct. App. 1944); Phillips v. Lawrence, 87 Ill. App.2d 60, 230 N.E.2d 505 (D. Ct. App. 1967); Hall v. Bukert, 117 Ohio App. 527, 193 N.E.2d 167 (Ct. App. 1962); Hayes v. Sutton, 190 A.2d 655, 656 (D.C. Cir.1963); Annotation, 80 A.L.R.2d, at 1224-1231 (1961) and 1968 supplement thereto, citing additional cases in accord.
Patras v. Waldbaum, 170 Neb. 20, 101 N.W.2d 465, 470 (Sup. Ct. 1960), the only case cited by defendants on this point, was decided on the correct formula to follow in instructing a jury as to future damages. It also held photographs are admissible in evidence where they may be instructive upon a question for determination, but such a question was not present in that case.
In Murray v. Mossman, 52 Wash.2d 885, 329 P.2d 1089 (Sup. Ct. 1958), it was held that the trial court did not abuse its discretion in admitting evidence of five photographs of the scene of the automobile accident in question for the limited purpose of showing the force of the impact that resulted in the injury, even though defendant admitted *381 liability and limited the issue to the amount of damages. To the same effect, see Gulf Oil Corporation v. Slattery, 3 Storey 504, 172 A.2d 266, 269 (Del. Sup. Ct. 1961).
The possibility of some inflammatory effect on a jury as compared with the relevancy of the evidence and its generally accepted admissibility is best left to the discretion of the trial court. We find no abuse of discretion under the circumstances herein.
Nor was there any error in the trial court's allowing into evidence the police officer's testimony as to where he found the debris in the highway, or in the officer's opinion as to the point of impact based upon the fact of where the debris was located. The officer's personal observation of the debris was an added factor attesting to the force of the impact. Cars which softly touch each other in traffic do not leave large quantities of debris in the highway. Police officers, experienced in investigating highway automobile collision accidents, know from experience that the presence of the debris is an indication of the point of impact. The measured distance from that point to the location of the vehicles is a fact within the officer's personal knowledge, and his testimony relating thereto is admissible as relevant to the issue of whether plaintiff's claimed injuries due to a serious impact may reasonably be corroborated by all of these bits of circumstantial evidence.

II
Defendants claim that they were surprised and misled by certain of plaintiff's answers to their interrogatories.
Particular reference is made to interrogatory 11 and plaintiff's answer thereto, as follows:
11. If other loss of income, profit or earnings is claimed (a) State the total amount of said loss. (b) Give a complete detailed computation of said loss. (c) State the nature and source of the loss of such income, profit and earnings and the date of deprivation thereof.
A. None.
*382 From this defendants argue that the trial court abused its discretion in permitting plaintiff to testify as to her inability to perform the duties of a waitress in Aberdeen, Maryland, and her inability to perform the duties of a legal secretary in Philadelphia. Defendants claimed further error in permitting plaintiff's medical expert to testify as to her inability to work as a waitress or a legal secretary.
Plaintiff had answered in interrogatory 10, immediately preceding 11, that at the time of the accident she had been employed by her present attorney in Forked River, New Jersey, as a legal secretary at $55 weekly, and the amount of wages lost was $110 for the period from February 22 to March 8, 1965.
As plaintiff's answer to interrogatory 11 correctly stated, she did not "claim" any other "loss of income, profit or earnings." As to that aspect of damages, plaintiff did not assert at trial any claim to lost wages beyond the sum of $110 for the two weeks specified in her answer. She testified that she went home after leaving the hospital and "I returned to work after that, two weeks after the accident." She continued in that legal secretarial job for approximately three or four months after her return to work two weeks after the accident. When her husband, who was in the service and had been stationed at Fort Dix, received orders to go to Aberdeen, Maryland, she moved down there with him.
In charging the jury as to damages, the trial court mentioned the factor of "a claim for salary and loss of wages." It added: "You have received testimony the plaintiff was out of work two weeks as a result of the accident, that her earnings were $55 a week or a total of $110 for the two weeks that she lost wages." Thus, there was no deviation at trial as to the loss of income or earnings from the $110 loss specified in the answer to interrogatory 10. There was no variance at trial from the answer to interrogatory 11, when plaintiff stated, "None," when asked if she were making "claim for any other loss of income, profit or earnings."
*383 Her testimony as to pain and suffering in her subsequent jobs as a waitress and legal secretary was relevant to her claim for damages based on her continued pain and discomfort. That evidence did not amplify her other limited claim for loss of income.
Finding no valid basis for a reversal in either of the only two points argued, the judgment is affirmed.