## WILLIAM JOSEPH BALTUS v.
## DIETER ERICK VON DER LIPPE.

196 N. W. 2d 922.

April 14, 1972—No. 43078.

*Jerome V. Blatz* and *Gary Flatten,* for appellant.
*Kendall J. Ellingson,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Mason, JJ.

TODD, JUSTICE.

Plaintiff seeks to recover damages for personal injuries arising from an automobile accident in Anoka County on March 23, 1968. Following a stipulation admitting defendant's liability and the amount of special damages incurred by plaintiff, trial commenced on October 27, 1970, as to damages for bodily injuries. The jury returned a verdict assessing plaintiff's damages as $0. Plaintiff made a motion for a new trial on the grounds that the trial court erred in refusing to admit evidence of physical impact and by improperly commenting on testimony of certain

witnesses, and that the jury verdict was insufficient and perverse. This appeal followed denial of the motion.

We hold that, in an action for personal injuries, evidence of physical impact, if relevant and material, is admissible to indicate the extent of plaintiff's injuries, even though liability is admitted and the only issue to be tried is the amount of damages. Accordingly, we do not reach the other issues raised by this appeal. The decision of the trial court is reversed and the case is remanded for a new trial.

At the trial plaintiff testified that following the accident he suffered from persistent neck pains that continued to the date of the trial. When the pain persisted, plaintiff was referred to Dr. William Kane, a member of the orthopedic surgery staff at the University of Minnesota. Dr. Kane diagnosed the injury as chronic cervical myositis and testified that with this type of injury the impact and the effect of the impact of the automobile would be taken into account in diagnosis and treatment.

Plaintiff attempted to show that while he was driving his 1967 Mercury Cougar north on Highway No. 65, a 4-lane, divided highway, his vehicle was struck by defendant's 1967 Buick station wagon as it attempted to enter Highway No. 65 from the entrance ramp leading from Highway No. 10. Plaintiff's vehicle was struck with such force that it rolled over numerous times as it crossed the median and eventually came to rest near the shoulder of the southbound lane. The trial court refused to allow evidence of the accident on the grounds that liability had already been admitted.

In Souden v. Johnson, 277 Minn. 87, 89, 151 N. W. 2d 767, 769 (1967), we allowed the jury to consider impact in determining whether a slight impact could have been the proximate cause of the severe injury claimed by plaintiff. We see no significant difference in allowing evidence of severe impact to substantiate plaintiff's injuries here. As the California Supreme Court noted in Fuentes v. Tucker, 31 Cal. 2d 1, 5, 187 P. 2d 752, 755 (1947):

"* * * [A]n admission of liability [should not preclude] a

plaintiff from showing how an accident happened if such evidence is material to the issue of damages. In an action for personal injuries, where liability is admitted and the only issue to be tried is the amount of damage, the force of the impact and the surrounding circumstances may be relevant and material to indicate the extent of plaintiff's injuries. * * * Such evidence is admissible because it is relevant and material to an issue remaining in the case."

The great weight of authority is in accord with this position. Gulf Oil Co. v. Slattery, 53 Del. 504, 172 A. 2d 266 (1961); Hayes v. Sutton, 190 A. 2d 655 (D. C. App. 1963); Phillips v. Lawrence, 87 Ill. App. 2d 60, 230 N. E. 2d 505 (1967); Howard v. Stoughton, 199 Kan. 787, 433 P. 2d 567 (1967); Gambrell v. Zengel, 110 N. J. Super. 377, 265 A. 2d 823 (1970); Camerlin v. Starr, 31 Ohio O. 2d 39, 94 Ohio L. Abs. 225, 200 N. E. 2d 817 (1963); Piper v. Barber Transp. Co. 79 S. D. 353, 112 N. W. 2d 329 (1961); Wright v. Alms, 368 S. W. 2d 34 (Tex. Civ. App. 1963); Eubank v. Spencer, 203 Va. 923, 128 S. E. 2d 299 (1962); Murray v. Mossman, 52 Wash. 2d 885, 329 P. 2d 1089 (1958); Millay v. Milwaukee Auto. Mutual Ins. Co. 19 Wis. 2d 330, 120 N. W. 2d 103 (1963); 11 Blashfield, Auto. Law and Practice (3 ed.) § 429.1 (1968).

Although we do not reach the other issues raised by this appeal, we remind the trial court of our warning in Fortier v. Ritter's Hairdressing Studios, Inc. 282 Minn. 382, 385, 164 N. W. 2d 897, 899 (1969):

"* * * The influence which a trial judge has over lay jurors, unaccustomed to the courtroom atmosphere, is so great that he must be extraordinarily careful to avoid all acts, signs, words, gestures, or tones of voice which might indicate to the jury either hostility or partiality toward a litigant or counsel."

On retrial we presume that undue interference by the trial court will be avoided.

Reversed and remanded for new trial.