508 P.2d 1234

L. Douglas KINNEY et al., Plaintiffs-Respondents,

v.

Walter Gene SMITH, Bessie Poulsen Smith, Defendants,
and
Bessie Poulsen Smith, Defendant-Appellant.

No. 10969.

Supreme Court of Idaho.

April 12, 1973.

Petersen, Moss, Olsen, & Beard, Idaho Falls, for appellant.

Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for respondents.

DONALDSON, Chief Justice.

The appellant Bessie Poulsen Smith was the owner of a motor vehicle driven by Walter Gene Smith, whose negligent oper-

ation of the vehicle caused the death of the respondents' eleven-year-old daughter and injuries to other passengers in a car driven by the respondent L. Douglas Kinney. Mr. and Mrs. Kinney and their children brought suit against the driver, who has not appealed from the judgment below, and the appellant. Among other things, the respondents sought to recover damages for the wrongful death of their minor daughter, Janice Lake, Mrs. Kinney's child by a previous marriage.

Prior to trial, which took place on March 8 and 9, 1971, the defendants filed (on March 5, 1971) certain admissions, which in part conceded:

"3. That the collision occurred as a result of the negligence of Walter Gene Smith in the operation of the vehicle being driven by him, which negligence was a direct and proximate cause of any injuries or damages suffered by the plaintiffs as a result of the collision.

"4. That Janice Lake was killed as a result of said collision.

"5. That the vehicle being driven by Walter Gene Smith was at the time of the collision owned by Bessie Poulsen (formerly Bessie Poulsen Smith) and was at the time of the collision being driven by Walter Gene Smith with the consent and permission of Bessie Poulsen (formerly Bessie Poulsen Smith).

"6. That the collision did not occur as a result of and was not proximately caused by the negligence on the part of the plaintiffs or any of them.

"7. That the vehicle being operated by L. Douglas Kinney was damaged in the amount of $3,435.50."

At the trial, the plaintiffs sought to establish the appellant's *direct negligence* for furnishing a vehicle to an incompetent driver (as contrasted to the negligence which must be *imputed* to her *as owner* under I.C. § 49–1404, subd. 1). The court sustained objections to the admission of evidence offered to show that the appellant negligently furnished a car to an incompetent driver; and the issue of whether the appellant was negligent in furnishing the car to the driver was not submitted to the jury.

The jury returned a verdict in favor of the plaintiffs, awarding $8,000 for general damages, $35,000 for wrongful death, and $7,461 for special damages and loss of property. The judgment entered below has been satisfied except for the $35,000 awarded to Mrs. Kinney for the death of her minor child. The appellant filed a motion for a new trial as to the wrongful death claim on the grounds of (1) excessiveness indicating passion and prejudice, (2) insufficient evidence, and (3) erroneous admission of evidence; this motion was denied. The appellant also filed a motion to alter or amend the judgment so that her liability as owner would be limited to $20,000 for death or personal injury and to $3,635.50 (the amount established at trial) for property damage; after this motion had been denied, the appellant filed a motion for release from judgment upon the payment into court of $20,000 for death or personal injury and $5,000 to be applied first toward property damages suffered, which motion was also denied. Both the motion to amend and the motion for leave to deposit were made on the grounds that since the appellant's liability arose solely from her ownership of the motor vehicle which caused the damages, her liability should be governed and limited by the provisions of I.C. § 49–1404, which in pertinent part provides:

"2. Limitation of liability. The liability of an owner for imputed negligence imposed by this section and not arising through the relationship of principal and agent or master and servant is limited to the amount of $10,000 for the death or injury to one (1) person in any one (1) accident and subject to said limit as to one (1) person is limited to the amount of $20,000 with respect to the death or injury to more than one (1) person in any one (1) accident and is limited to the sum of $5,000 for damage

to property of others in any one (1) accident.

\* \* \* \* \* \*

5. Settlement and payment of claims where two (2) or more are injured or killed in one (1) accident—Diminution or extinguishment of owners' liability. Where two (2) or more persons are injured or killed in one (1) accident, the owner may settle or pay any bona fide claim or claims for damages arising out of personal injuries or death, whether reduced to a judgment or not, and such payments shall diminish to the extent thereof the owners' total liability on account of such accident; and payments so made aggregating the full sum of $20,000 shall extinguish all liability of the owner hereunder to said claimants and all other persons on account of such accident; which liability may exist by reason of imputed negligence, pursuant to this section, and not arising through the negligence of the owner nor through the relationship of principal and agent nor master and servant."

■ The issue which must be resolved initially is whether the district court erred in denying the appellant's motion for a new trial on the wrongful death claim. Relying upon Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682 (1950), and many cases from other jurisdictions, the appellant urges that an award of $35,000 for the wrongful death of an eleven-year-old minor child is excessive as a matter of law. Counsel for the appellant did not, however, have the benefit of our recently released decision in Meissner v. Smith, 94 Idaho 563, 494 P.2d 567 (1972), which overruled *Checketts'* holding that a verdict for the death of a minor child which exceeded $20,000 was excessive as a matter of law. In *Meissner* we refused to rule that a verdict of $71,335 for the death of a sixteen-year-old boy was excessive as a matter of law. Similarly, in the case at bar we cannot say that the amount awarded was not "just" "under all the circumstances of the case." *See* I.C. § 5–311; Meissner v. Smith, *supra* at 569–570, 494 P.2d 567.

■ The appellant also contends that her motion for a new trial should have been granted for the further reason that the court erred in admitting certain evidence offered by the respondents: photographs of the vehicles at the scene of the accident; and testimony as to how the accident occurred, and as to the speed of the appellant's vehicle. Over objection, this evidence was admitted as relevant and material to the probable extent of the plaintiffs' injuries. The appellant submits that since liability had been admitted, the challenged evidence was immaterial. However, the evidence in question was material to the issue of damages and relevant to show the extent of the injuries sustained by the surviving parties. Fuentes v. Tucker, 31 Cal. 2d 1, 187 P.2d 752, 755 (1947); Gulf Oil Corp. v. Slattery, 3 Storey 504, 53 Del. 504, 172 A.2d 266 (1961); Howard v. Stoughton, 199 Kan. 787, 433 P.2d 567 (1967); Baltus v. von der Lippe, 293 Minn. 99, 196 N.W.2d 922, 923 (1972); Piper v. Barber Transp. Co., 79 S.D. 353, 112 N.W.2d 329 (1961); Eubank v. Spencer, 203 Va. 923, 128 S.E.2d 299 (1962); Murray v. Mossman, 52 Wash.2d 885, 329 P.2d 1089 (1958) (photographs); Millay v. Milwaukee Auto. Mut. Ins. Co., 19 Wis.2d 330, 120 N.W.2d 103 (1963); 11 Blashfield, Automobile Law and Practice § 429.1 (3d ed. F. Lewis 1968). We conclude that the trial court did not err in denying the appellant's motion for a new trial.

We turn now to the appellant's motion to alter or amend the judgment on the ground that her liability was limited by statute. The appellant submits that on the record before this Court, the only basis for sustaining the imposition of liability stems from the negligence to be imputed to her as owner, under I.C. § 49–1404, set out *supra*; and therefore, she contends, her liability is subject to the limitation contained therein. We note, however, that the plaintiffs' case against the appellant was not based solely upon imputed negligence. In count one, paragraph III of their complaint, the plaintiffs alleged that the appellant "permitted the operation of said motor vehicle by said driver in Idaho and

permitted the operation of said driver, knowing he was unauthorized to drive within the state of Idaho in violation of Section 49–339 and other provisions of the Idaho Motor Vehicle Laws."[1] Section 49–339 of the Idaho Code provides that:

> "No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or in violation of any of the provisions of this act."

Driving by someone whose operator's license has been suspended is in violation of the provisions of I.C. § 49–337. Among other things, the plaintiffs offered to prove that when the appellant furnished her car to the driver, she knew that his driver's license had been suspended. If the appellant knowingly permitted her car to be driven by a person whose license had been suspended, then she acted in violation of I.C. § 49–339.

In order for the violation of a statute to be pertinent in a particular case, the statute must be applicable; that is, the statute must be designed to protect (1) the class of persons in which the plaintiff is included (2) against the type of harm which has in fact occurred as a result of its violation. Prosser on Torts 191–202 (3rd ed. 1964). In our view, I.C. § 49–339 is designed to protect other highway users from injuries caused by the negligence of unlicensed drivers. Jones v. Dixie Drive It Yourself System, 97 Ga.App. 669, 104 S.E.2d 497, 499–500 (1958); 6 Blashfield, Automobile Law and Practice § 254.26, at 383–384 (F. Lewis ed. 1966); cf. I.C. § 49–316 (requiring driver's license examinees to demonstrate "ability to exercise ordinary and reasonable control in the operation of a motor vehicle"). Therefore, I.C.

§ 49–339 is applicable in this case. In Idaho, the violation of an applicable statute constitutes negligence per se. Rosenberg v. Toetly, 93 Idaho 135, 456 P.2d 779 (1969) (driving in wrong lane); Riley v. Larson, 91 Idaho 831, 432 P.2d 775 (1967) (failure to set hand brake and to turn front wheels away from traffic).

Of course, mere proof that the defendant was guilty of negligence per se in lending her car to an unauthorized driver does not ipso facto establish liability. The plaintiffs must further prove that such negligence was the proximate cause of the accident' in which they were injured. On the issue of proximate cause, two main lines of authority exist. See Annot., 69 A.L.R.2d 978, 987 (1960). Some courts say that the proximate cause requirement is satisfied by showing that the injury resulted from the unlicensed driver's negligent operation of the vehicle; other courts go further and require the plaintiff to show not only that the unlicensed driver was negligent but also that he was in fact an "incompetent" driver. We adopt the view that the negligence of the unlicensed driver provides the requisite causal connection between the negligence of the owner in lending him the car and the injury sustained by the plaintiff. Hardwick v. Bublitz, 254 Iowa 1253, 119 N.W.2d 886, 893 (1963); Anthony v. Covington, 187 Okl. 27, 100 P.2d 461, 462–464 (1940); Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 591 (1947); 6 Blashfield, Automobile Law and Practice § 254.26, at 386 (F. Lewis ed. 1966); Annot., 69 A.L.R.2d 978, 989 (1960). The rationale for this holding was expressed well by the Texas Supreme Court in the *Mundy* case, supra:

> "In order to establish proximate causation, plaintiff must show that [the driv-

---

**1.** In light of the plaintiffs' offer of proof, it would have been better for the complaint to more specifically charge the vehicle owner with negligent entrustment of her vehicle (1) to a person whose license had been suspended and (2) to an intoxicated driver. The plaintiffs' allegation of a violation of I.C. § 49–339 certainly encompasses the first charge. If,

on remand, the plaintiffs should desire to pursue the issue of negligent entrustment to an intoxicated driver, the district court should allow the amendment of the complaint *nunc pro tunc* to specifically set forth this conduct. I.R.C.P. 15(c). For an annotation dealing with liability for entrusting a car to an inebriated driver, see Annot., 19 A.L.R.3d 1175 (1968).

er] operated the automobile negligently (that is, in a manner that was negligent regardless of the lack of a driver's license) and that such negligence was a proximate cause of the collision. The purpose of the statute which defendant is alleged to have violated is to prevent the lending of automobiles to persons not shown by examination and license to be competent to drive, and the danger anticipated and intended to be prevented by the statute is that such persons, if given the opportunity to drive, will do so negligently and will cause damage to other persons. If, after the automobile is entrusted to such driver, he operates it negligently, and thereby causes damages to a third person, the causal connection is shown between the negligence of the owner in lending him the automobile and the damage to the third person." 206 S. W.2d at 591.

In the case at bar, the defendants have admitted that the driver's negligence caused the plaintiffs' injuries; therefore, the only issue remaining for determination is that of the defendant owner's independent negligence—i. e., whether she knowingly permitted her vehicle to be driven by an unlicensed driver. I.C. § 49–339.

Liability based solely upon the negligence to be imputed to the owner of a motor vehicle is subject to the limitation contained in the statute imposing such liability. I.C. § 49–1404; *see* Martinez v. Southern Pacific Co., 45 Cal.2d 244, 288 P.2d 868 (1955). The district court did not express its reason for denying the appellant's motion to alter or amend the judgment rendered. Since the court refused to reduce the judgment in accordance with the limitation prescribed in I.C. § 49–1404, it must have believed that the appellant's independent negligence provided a basis of

liability. And since the issue had neither been tried nor submitted to the jury, the court must have been laboring under the impression that the defendants had—in addition to admitting the negligence of the driver—also admitted the independent negligence of the owner. This conclusion is substantiated by the court's treatment of plaintiff's requested instructions number 10 [2] and number 24,[3] which would have been applicable to the issue of independent negligence; the court refused to give these instructions on the ground that they were not pertinent after the admissions in this case. The reporter's transcript of the proceedings at trial indicates that considerable confusion existed as to what issues were to be tried:

"THE COURT: Now this case is a little unusual in that *we are not going to try liability in this case. We're just going to try the value or the amount of damage, the amount of damages that have been sustained;* and to that end counsel and the Court have agreed that we would read at this time enough of the first instructions so that the jury will get the gist of what we're going to be driving at in this trial here today, and [to] that end I'm going to read that part of the instructions. Now, that was agreeable with counsel, is that right?

"MR. KIDWELL [counsel for plaintiffs]: Yes, Your Honor.

"THE COURT: And Mr. Olsen [counsel for defendants]?

"MR. OLSEN: Yes, Your Honor." R.Tr. p. 8, ln. 8–21 (emphasis added).

"THE COURT: [I]t will be up to the plaintiffs to prove any amount of damages that they have sustained, and that's what we're going to be engaged in, rather than trying to prove liability, so that

2. "You are instructed no person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized by the motor vehicle laws of the State of Idaho."

3. "You are instructed that when a statute, ordinance, rule or regulation imposes on any person a specific duty for the protection or benefit of others, a failure to perform that duty is negligence."

it has simplified the case immensely. Now, is that the case Mr. Kidwell?

"MR. KIDWELL: Well, generally, Your Honor. *There is the liability aspect of Bessie Poulsen Smith [the appellant owner] that has been denied.*

"THE COURT: Well, she wasn't even mentioned in here. She's been dismissed.

"MR. KIDWELL: No, sir, that was Margaret.

"THE COURT: Oh, yes, Margaret Smith, all right. Mr. Olsen.

"MR. OLSEN: Well, Your Honor, I believe that counsel would have the first response.

"THE COURT: Well, I mean—

"MR. OLSEN: I believe you have fairly stated the issues—

"THE COURT: Okay.

"MR. OLSEN: —as they now exist, Your Honor." R.Tr. p. 12, ln. 2–22 (emphasis added).

"[Examination of appellant by Mr. Kidwell]: Were you familiar with the driving record and driving habits of Mr. Gene Smith [to whom she had lent her car] on that date?

"MR. OLSEN: Your Honor, we'd object to this as being irrelevant and imaterial.

"THE COURT: Why isn't it, Mr. Kidwell, *in view of the admissions?*

"MR. KIDWELL: No sir, Your Honor—[jury removed]. If the Court please *under our imputed negligence statute, as the Court is aware, there's a limitation of liability.* We have alleged in paragraph three of our complaint that Bessie Poulsen Smith permitted the operation of the motor vehicle by this driver in Idaho knowing he was unauthorized to drive within the State of Idaho, in violation of the Idaho motor vehicle laws. *This has been denied by the defendant.* There has been *no admission,* and we think this has a definite bearing upon the *personal liability* of Bessie Poulsen

Smith *for furnishing a vehicle to an incompetent driver.*

"MR. OLSEN: Well, Your Honor, first of all, *the violation in question is allowing this man to drive without a driver's license*; and it's been well established that the driving with or without a driver's license has no bearing whatsoever upon liability, even with respect to Mr. Smith; and, therefore, we fail to see how it could have any bearing on the liability of Bessie Smith in any fashion whatsoever, the issue being was he driving with or without a driver's license, and that has nothing to do with negligence.

"MR. KIDWELL: If the Court please, she is charged with permitting to operate in violation of the Idaho motor vehicle law, which includes the condition of that driver at the time the vehicle is surrendered to him.

"THE COURT: Now, Mr. Kidwell, I'm going to sustain the objection. The matter of *punitive damages,* of course, were [sic] ruled out of this case a long time ago, and if this is the purpose of Mrs. Smith's being on the witness stand.—

"MR. KIDWELL: No, sir. Your Honor, it's to establish *her individual liability* and *not* the *imputed negligence liability.*

"MR. OLSEN: Of course, we'd object to that as we have previously, Your Honor, on the basis that what they're inquiring about has nothing to do so far as —has no relevance relative to her liability. *We've admitted she's the owner of the vehicle and it was being driven with her permission; and the fact that it was driven without a driver's license has no bearing on her liability whatsoever.*

"THE COURT: I'm inclined to agree with you, Mr. Olsen. I'll sustain the objection." R.Tr. p. 16, ln. 1 to p. 18, ln. 10 (emphasis added).

It appears that the appellant owner's independent negligence was not admitted by the defendants in the pre-trial admissions

(quoted on p. 1235 of this opinion) filed by them with the court. The result is that a matter placed in issue by the plaintiffs' allegations and the defendants' denials was never tried in district court. Before the appellant owner may be held liable for more than the limits specified in I.C. § 49–1404, as was done below, she is entitled to have a jury determine the issue of her independent negligence. Consequently, the judgment rendered must be reversed pending a determination of this outstanding issue. If, upon remand, the appellant is found to have been negligent in entrusting her vehicle to Walter Gene Smith, then judgment should be re-entered upon the jury verdict previously rendered. But if the appellant is exonerated of such independent negligence, then the judgment finally entered should reflect a reduction of the jury verdict, so that the amount recovered from the appellant does not exceed the limitations set forth in I.C. § 49–1404.

Judgment reversed and cause remanded for further proceedings consistent with the views expressed herein. Costs to appellant.

SHEPARD, McQUADE, McFADDEN, and BAKES, JJ., concur.